Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 1 C 6895 | **DATE** | 3/25/2003 |
| **CASE TITLE** | John D. Berthoud vs. Randall J. Veselik et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: The cross-defendant's motion to dismiss the cross-petition for interpleader pursuant to FRCP 12(b)(1) [59-1] is granted. The interpleader complaint is hereby dismissed and the Jefferson Parish and Ravenswood Hospital defendants are released from this action. Additionally, the School Board's motion to vacate our decision allowing Continental Bank to intervene in the interpleader [64-1] is denied as moot.**
(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | MAR 26 2003 |
| | Notified counsel by telephone. | | date docketed |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials |
| | Copy to judge/magistrate judge. | | 76 |
| TSA | courtroom deputy's initials | 03 MAR 25 PM 3:46 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN D. BERTHOUD, individually and as Trustee, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 01 C 6895<br>) |
| RANDALL J. VESELIK, KEVIN B. DERMODY, H. BECK, INC., TOWER SQUARE SECURITIES, INC., HILLTOPPER ENTERPRISES, L.L.C., EMERALD FUND I, L.P., EMERALD INVESTMENT ADVISORS, LTD., AND EMERALD INVESTMENTS, INC., | ) Wayne R. Andersen<br>) District Judge<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |
| HILLTOPPER ENTERPRISES, L.L.C., | )<br>) |
| Cross-Plaintiff, | )<br>) |
| v. | )<br>) |
| JOHN D. BERTHOUD, JEFFERSON PARISH SCHOOL BOARD'S SECTION 457 MASTER RETIREMENT PLAN and JEFFERSON PARISH SCHOOL BOARD, RAVENSWOOD HOSPITAL MEDICAL CENTER 457(f) DEFERRED COMPENSATION PLAN, and RAVENSWOOD HEALTH ENTERPRISES, INC. DEFERRED COMPENSATION PLAN, | )<br>)<br>)<br>)<br>)<br>) DOCKETED<br>)<br>) MAR 2 6 2003<br>)<br>)<br>)<br>) |
| Cross-Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of cross-defendant Jefferson Parish School Board and Jefferson Parish School Board's Master Retirement Plan to dismiss Hilltopper

Enterprises, L.L.C.'s cross-petition for interpleader pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2). For the following reasons, the motion to dismiss is granted.

## BACKGROUND

On April 11, 2002, cross-plaintiff Hilltopper Enterprises, L.L.C. (hereinafter "Hilltopper") filed a cross-petition for interpleader naming as cross-defendants John Berthoud, the Jefferson Parish, Louisiana School Board and the Jefferson Parish School Board's Master Retirement Plan, Ravenswood Hospital Medical Center § 457(f) Deferred Compensation Plan, and Ravenswood Health Enterprises, Inc. Deferred Compensation Plan. This cross-petition is an off-shoot of a larger securities fraud action filed by Berthoud against numerous investment entities. For a more complete history of the underlying securities action, please see *Berthoud v. Veselik*, 2002 WL 1559594, at *1-3 (N.D. Ill. July 15, 2002).

At issue in this cross-petition is the proper distribution of approximately $625,000 previously held in a Bear Stearns Securities Corp. account. These funds are all that remain of the nearly $4 million that was originally invested with the defendants in the underlying securities action. As one of the original defendants, cross-plaintiff Hilltopper filed the instant interpleader petition to ask for this Court's assistance in determining how the money remaining in the Bear Stearns account should be distributed among the various claimants. We would also like to note that the Jefferson Parish School Board has filed a lawsuit similar to Hilltopper's interpleader complaint in the Twenty-Fourth Judicial District for the Parish of Jefferson, State of Louisiana, *The Jefferson Parish School Board's § 457 Master Retirement Plan v. Tower Square Securities, Inc.*, No. 572-662, Division "K".

On August 15, 2002, Hilltopper filed a motion requesting that the funds remaining in the Bear Stearns account be transferred into the registry of the clerk of this Court. After considering

the briefs, we determined on November 4, 2002 that the funds should be transferred to Louisiana and not here. Our reasoning for that decision can be found in our November 4, 2002 minute order denying the motion to transfer the funds.

## DISCUSSION

In ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test the sufficiency of the complaint. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996). A court will grant a motion to dismiss only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

"The admirable remedy of interpleader has been in existence for over 600 years." 7 Wright, Miller & Kane, *Federal Practice and Procedure*, § 1701 at 483 (1986). Interpleader has long existed for the purpose of enabling "a neutral stakeholder, usually an insurance company or a bank, to shield itself from liability for paying over the stake to the wrong party. This is done by forcing all the claimants to litigate their claims in a single action brought by the stakeholder." *Indianapolis Colts v. Mayor and City Council of Baltimore*, 733 F.2d 484, 486 (7th Cir. 1984).

The historical equitable remedy of interpleader has now been codified in both statutory and rule form. *See* 28 U.S.C. § 1335; Fed.R.Civ.P. 22. The primary distinction between the two lies in their jurisdictional prerequisites. Statutory interpleader requires only "minimal diversity" between two or more adverse claimants, regardless of the stakeholder's citizenship. Rule interpleader, on the other hand, requires either a federal question or complete diversity between

the plaintiff-stakeholder and the defendant claimants. *See American Family Mutual Ins. Co. v. Roche*, 830 F. Supp. 1241, 1244 n.2 (E.D. Wisc. 1993).

In addition to the "minimal diversity" requirement for statutory interpleader, Section 1335 also requires that the plaintiff deposit "such money or property [at issue in the suit] . . . into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy." 28 U.S.C. § 1335(a)(2). In other words, the cross-plaintiff in this suit must first arrange for the transfer of the funds from the Bear Stearns account to the clerk of this Court in order for us to have subject matter jurisdiction to hear the interpleader complaint. Obviously, failure to do so strips us of jurisdiction.

As we mentioned in the background section above, on November 4, 2002, we ruled that the funds from the Bear Stearns account should not be transferred here but rather they should be sent to Louisiana because the court there had already started to consider how the remaining money should be distributed amongst the different claimants. That ruling is critical to our consideration of the instant motion. Because the contested funds are not held in the registry of the clerk of this Court, we do not have subject matter jurisdiction over those funds pursuant to 28 U.S.C. § 1335.

While we do not have subject matter jurisdiction under statutory interpleader, we must still determine whether rule interpleader is applicable. As was mentioned above, rule interpleader has more stringent jurisdictional requirements than statutory interpleader. Rule interpleader requires either a federal question or complete diversity between the plaintiff-stakeholder and the defendant claimants. *See Commercial Nat'l Bank of Chicago v. Demos*, 18

4

F.3d 485, 488 (7th Cir. 1994); *General Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 706 (7th Cir. 1991). In this case, it is clear there is no federal question present. Therefore, in order for rule interpleader to exist, there must be complete diversity between the parties to the interpleader complaint. The cross-plaintiff/stakeholder in the interpleader complaint is Hilltopper, an Illinois limited liability corporation with its principal place of business in Illinois. While cross-defendant Jefferson Parish School Board is located in Louisiana, all other cross-defendants are citizens of Illinois. Because the cross-plaintiff and certain of the cross-defendants are from Illinois, complete diversity does not exist. Thus, there is no rule interpleader in this case. Therefore, as neither statutory nor rule interpleader is present, the motion to dismiss the interpleader complaint is granted.

## CONCLUSION

For the foregoing reasons, the cross-defendant's motion to dismiss the cross-petition for interpleader pursuant to Federal Rule of Civil Procedure 12(b)(1) [Docket # 59-1] is granted. The interpleader complaint is hereby dismissed and the Jefferson Parish and Ravenswood Hospital defendants are released from this action. Additionally, the School Board's motion to vacate our decision allowing Continental Bank to intervene in the interpleader [Docket #64-1] is denied as moot.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: March 25, 2003

5