**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN BERTHOUD, individually and as trustee, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 01-cv-6895 |
| v. | ) ) | Judge Robert M. Dow, Jr. |
| RANDALL VESELIK, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motions of Defendant Randall Veselik ("Veselik") to alter or amend judgment [160] and to stay proceedings while the motion to alter or amend is pending [163]. Plaintiff John Berthoud ("Plaintiff") opposes both motions. For the reasons stated below, the motion to alter or amend judgment [160] is denied on its merits and the motion to stay [163] is denied as moot.

**I.      Background**

The extensive background of this 2001 case is set forth in detail in the Court's December 27, 2018 memorandum opinion and order [158], knowledge of which is assumed here. In that order, the Court revived "Plaintiff's May 9, 2003 judgment against Veselik in the original amount of $1,400,000 (with Veselik to be credited at least $158,012.52 and perhaps as much as $290,762.52 in the event that Plaintiff attempts to collect additional amounts in supplement proceedings or execution), plus post-judgment interest in an amount to be determined in supplemental proceedings." [158] at 1.

In determining that Plaintiff was entitled to revival of his judgment against Veselik, the Court took into consideration the parties' supplemental briefs concerning the less-than-clear case

law concerning Illinois' revival of judgment statute and, in particular, "what the courts mean when they confine the inquiry that a court may make in considering a petition to revive a judgment to the 'face of the record.'" [158] at 4 (citing [144] at 3-4). Without ultimately resolving that particular issue, the Court concluded that, even if Plaintiff's answer and affirmative defenses were considered to be part of the "record" considered by the Court, they were insufficient to justify denial of Plaintiff's petition because 1) none of statutory authority or case law indicated that Veselik had a right to engage in discovery before the Court ruled on Plaintiff's petition to revive judgment; and 2) Veselik's affirmative defenses of satisfaction and release were wholly speculative in any event.

Veselik now asks the Court to alter or amend its judgment and to stay enforcement of the judgment while his motion to alter or amend is pending.

## II.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend judgment within 28 days of entry of the judgment. To prevail on its motion, "the movant must demonstrate a manifest error of law or fact or present newly discovered evidence.'" *Ritacca v. Storz Medical, A.G.*, 298 F.R.D. 566, 568 (N.D. Ill. 2014) (quoting *Boyd v. Tornier, Inc.*, 656 F.3d 487, 492 (7th Cir. 2011)). A manifest error of law is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "This is a high standard that is not demonstrated by the disappointment of the losing party." *Ritacca*, 298 F.R.D. at 568 (internal citation and quotation marks omitted). "Once judgment has been entered, there is a presumption that the case is finished, and the burden is on the party who wants to upset that judgment to show the court that there is good reason to set it aside." *Hecker v. Deere & Co.*, 556

F.3d 575, 591 (7th Cir. 2009). "Whether to grant a motion to reconsider is a matter squarely within the Court's discretion." *Ritacca*, 298 F.R.D. at 569.

III.   **Analysis**

Veselik argues that the Court committed manifest error by concluding that Plaintiff was entitled to revival of a nearly sixteen-year old judgment against him without first giving Veselik a chance to engage in discovery to support his alleged affirmative defenses of satisfaction and release and, after that, holding an evidentiary hearing concerning those defenses. Veselik's motion does not address one of the primary bases of the Court's decision, which was that, "regardless of whether Veselik's answer and affirmative defenses should be considered part of the 'record' to which the Court's inquiry must be confined, Veselik *** failed to identify any statutory authority or case law indicating that he has a right to engage in discovery before the Court rules on Defendant's petition." [158] at 9. Veselik's current motion again fails to identify any "controlling precedent" that would give him a right to pre-revival discovery or, following discovery, an evidentiary hearing. *Oto*, 224 F.3d at 606. Therefore, Veselik cannot demonstrate that the Court's decision to revive Plaintiff's judgment was based on a "manifest error of law" as required by Rule 59(e).

Further, Veselik's attack on the remainder of the Court's reasoning is not convincing. Veselik claims that the Court improperly and "*sua sponte* struck" his affirmative defenses, even though no motion to strike was pending. [160] at 2, 4. But the Court did not "strike" the affirmative defenses. Instead, it determined that—even if there were any statutory authority or case law authorizing discovery or evidentiary hearings in the context of a motion to revive judgment—the affirmative defenses advanced by Veselik would nonetheless be insufficient "to

3

justify discovery" or to "stave off the Court's entry of an order reviving Plaintiff's judgment" because they were wholly speculative. [158] at 12.

Veselik contends that, in concluding that his affirmative defenses were speculative, the Court improperly held him to a heightened fact pleading standard. As to his affirmative defense of "satisfaction," Veselik recognizes that he did not actually plead facts indicating full satisfaction of the $1.4 million judgment, but nonetheless claims to be "entitled to th[at] inference." [160] at 6. The Court is not persuaded by Veselik's reasoning. The Court need not "accept as true" Veselik's "legal conclusion" that Plaintiff's judgment has been fully satisfied, because the "factual matter" pled in support of that conclusion, "accepted as true," does not convince the Court that the satisfaction defense is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the Court explained in its prior opinion, the facts alleged do not suggest that Plaintiff collected anywhere near his full $1.4 million investment. For instance, the counterclaim identifies a $5 million payment that Defendant Tower Square made to unspecified parties to settle two unspecified claims. [147] at 7. But it does not allege that these were payments were made in whole or in part to Plaintiff. The counterclaim also alleges on information and belief that "NASD had also ordered Tower Square to pay restitution to Plaintiff and others," *id.*, but does not identify any amount or any basis for this belief. The counterclaim further alleges on "information and belief" that Plaintiff may have received settlement or restitution payments from other entities, who are not parties to the lawsuit. *Id.* But again, the counterclaim does not identify any amounts, or any basis for the belief that any of these entities made payments to Plaintiff. As the Court previously explained, the allegations, taken as a whole, suggest that Veselik may be entitled to some credits against the judgment. See [158] at 10-11. But they are insufficient to plausibly

suggest, "above a speculative level," that the full judgment has been satisfied. *Cochran v. Illinois State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016).

As to his affirmative defense of release, Veselik argues that the Court "improperly struck [it] as speculative" even though "the docket in this case shows that Plaintiff settled with one or more of the other defendants and that Plaintiff dismissed his claims pursuant to that settlement." [160] at 7. Veselik asserts that he is "entitled to an inference that pursuant to the terms of that settlement agreement, Plaintiff released all claims arising under the complaint including the claims against Veselik." [160] at 7. However, this is not a reasonable inference, for the reasons identified in the Court's prior opinion, [158] at 12, which Veselik ignores. The Court explained: "Veselik does not identify any case law suggesting that a plaintiff's settlement with and dismissal of some defendants results in the release of the plaintiff's claims against all other defendants. Nor does Veselik contend that he was a party to or intended third-party beneficiary of any settlement between Plaintiff and other Defendants. Instead, at the time that the remaining Defendants settled and were dismissed, judgment had already been entered against Veselik for $1.4 million. Under these facts, there is no plausible basis for concluding that Plaintiff entered into any settlement agreement that provided for a release of his judgment against Veselik." *Id.* Given Veselik's failure to even acknowledge the Court's reasoning—let alone to show that it is contrary to "controlling precedent," *Oto*, 224 F.3d at 606—there is no reason for the Court to second-guess itself now.

## IV. Conclusion

For these reasons, Veselik's motion to alter or amend judgment [160] is denied on its merits and his motion to stay [163] is denied as moot.

Dated: April 9, 2019

_____
Robert M. Dow, Jr.
United States District Judge